Attorneys—James & Coolidge for pltf; Bowman & Shively for defts; all of Dayton.

### No. 972
### EXCEPTIONS OF PROSECUTOR in
### STATE v. COOK
No. 20078.  Supreme Court

On motion to file bill of exceptions.  Dock. Aug. 31, 1926; 4 Abs. 606.

941.  PRACTICE & PROCEDURE—Can attorney, on cross examination, ask witness concerning his acts and declarations before trial, when same are not asked during direct examination?

The prosecutor in this case filed a bill of exceptions in the Supreme Court claiming that upon cross examination of accused in criminal prosecution, defense may not ask witness concerning his acts and declarations at a hearing before trial, when witness was not asked anything concerning same on direct examination.

Attorneys—R. W. Merryman. Steubenville, for Cook.

### No. 973
### FOSTORIA (City) v. ELDER
No. 20074.  Supreme Court

On motion to certify.  Dock. Aug. 26, 1926; 4 Abs. 606.

798.  MUNICIPAL CORPORATION—Can a court enjoin a city from dumping sewage in stream, when health authorities have already assumed jurisdiction under 1249 GC?

The city of Fostoria contends in the Supreme Court that a court cannot enjoin them from dumping sewage into a stream, because health authorities had assumed jurisdiction under 1249 GC. and had ordered city to install proper facilities at a definite time.

Attorneys—O. R. Wade and C. A. Guernsey for City; F. A. Baldwin for Elder; all of Fostoria.

### No. 974
### STATE ex ACCIDENT CO. v. CONN
No. 20080.  Supreme Court

In mandamus.  Dock. Aug. 31, 1926; 4 Abs. 606.

747.  MANDAMUS—After an insurance company has had its license revoked for spending more than 30% of its income for expenses, does mandamus lie to compel insurance superintendent to reinstate it?

A petition in mandamus filed to compel the superintendent of insurance to restore a foreign insurance company's license, said license having been revoked because more than 30% of company's income from premiums was spent for expenses.

Attorneys—McLeskey & Grabiel for Company; C. C. Crabbe, Atty. Gen., and C. S. Younger for Conn; all of Columbus.

### No. 975
### WEISFLOCK et v. SIGLING et
No. 20081.  Supreme Court

On motion to certify.  Dock. Sept. 2, 1926; 4 Abs. 623.

389.  DESCENT & DISTRIBUTION—Can one ignore kinship and claim by representation;—Who is "next of kin" under 8574-6 GC.?

The questions presented in the Supreme Court are, who is "next of kin" within meaning of 8574-6 GC. and do legal representatives of one in same degree of kinship as such, "next of kin", take by representation with him, and can one ignore his position as next of kin and claim by representation?

Attorneys—Cyrus Newby, Hillsboro, for Weisflock; Ed. M. Wiggins, Lynchburg, and Smith, Rogers & Smith, Wilmington, for Sigling et.

### No. 976
### TOHLE v. LIMA (City)
No. 20082.  Supreme Court

On motion to certify.  Dock. Sept. 3, 1926; 4 Abs. 623.

829.  NEGLIGENCE—Can one recover from a city when injured while walking in street, when sidewalk is obstructed by dirt and rubbish?

Tohle contends in the Supreme Court that the city is liable to her for injuries she sustained while walking in the street, the sidewalk being obstructed by dirt and rubbish.

Attorneys—D. C. Henderson for Tohle; Paul T. Landis for City; both of Lima.